Filed 7/10/15  In re Donaldson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re SCOTT DONALDSON<br><br>    on Habeas Corpus. | G052043<br><br>(Super. Ct. No. 11HF2953)<br><br>O P I N I O N |

            Original proceedings; petition for a writ of habeas corpus to file a timely notice of appeal.  Petition granted.

            Appellate Defenders, Inc., and Loleena Ansari for Petitioner.

            Kamala D. Harris, Attorney General, and Julie L. Garland, Assistant Attorney General for Respondent.

THE COURT: *

Petitioner, Scott Donaldson, seeks relief from the failure to file a timely notice of appeal. The petition is granted.

Following a jury trial, Scott Donaldson, was convicted of vandalism in an amount under $400, assault, and making annoying and harassing phone calls. According to trial counsel's declaration, when he discussed filing a notice of appeal, Donaldson "explicitly stated he wanted to appeal the decision." According to counsel, he prepared and submitted the notice of appeal to his clerical staff to be filed on Donaldson's behalf. However, it was not until Donaldson inquired about the status of the appeal that counsel learned for the first time that the appeal had not been filed. According to counsel, Donaldson had been under the impression that a notice of appeal would be filed on his behalf, and he "reasonably relied on me to do so."

The principle of constructive filing of the notice of appeal should be applied in situations where trial counsel advises a criminal defendant that he, or she, will file a notice of appeal on their client's behalf, and then fails to do so in accordance with the law. (*In re Benoit* (1973) 10 Cal.3d 72, 87-88.) This is because a trial attorney is under a duty to either file the notice of appeal, or tell the client how to file it him or herself. In this case, Donaldson relied on trial counsel to file a timely notice of appeal on his behalf. His reasonable reliance on counsel to file a timely notice of appeal entitles him to the relief requested.

The Attorney General does not oppose granting the petition without the issuance of an order to show cause. (*People v. Romero* (1994) 8 Cal.4th 728.)

The petition is granted. On petitioner's behalf, counsel is directed to prepare and file a notice of appeal in Orange County case No. 11HF2953, and the Clerk

_____

*   Before O'Leary, P.J., Aronson, J., and Ikola, J.

2

of the Superior Court is directed to accept the notice for filing if presented within 30 days of this opinion becoming final. Further proceedings, including the preparation of the record on appeal, are to be conducted according to the applicable rules of court. In the interest of justice, the opinion in this matter is deemed final as to this court forthwith.